[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #104
On July 3, 1991, the plaintiff, Neal Yates, filed a revised complaint against the defendants, Charlotte Hugerford Hospital ("Hospital") and Northwest Connecticut Healthcare System, Inc., in which he alleged, inter alia, that he was employed by the Hospital as Director of Development and Community Relations. The plaintiff alleges that, on April 25, 1990, he was terminated without notice and with immediate effect, and that he was denied access to the Hospital grievance procedure, which implies that termination of employment be for cause or reviewable by an CT Page 9722 arbitrator. In count five of the revised complaint the plaintiff, in addition to the allegations set forth above, claims that he was ordered to terminate the employment of the administrative assistant due to his personal involvement therewith, and that he refused to comply with this order. The plaintiff alleges that he was terminated for "lack of work" and, approximately three weeks thereafter, an inexperienced associate administrator for development and community relations was hired. The plaintiff claims that his discharge violates the covenants of good faith and fair dealing and is in contravention of public policy.
On July 30, 1991, the defendants filed a motion to strike count five of the revised complaint on the ground that it fails to state a claim for wrongful discharge because the plaintiff has failed to allege that his termination contravened any recognized mandate of public policy.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
In their memorandum in support of the motion to strike, the defendants claim that count five purports to state a claim for wrongful termination based upon an alleged breach of the covenant of good faith and fair dealing in connection with the termination of plaintiff's at will employment. The defendants claim, however, that this count must be stricken because the plaintiff has failed to allege any recognized violation of public policy.
In its memorandum in opposition to the motion to strike, the plaintiff alleges that its allegations set forth a cause of action for wrongful discharge based upon the violation of the covenant of good faith and fair dealing, that its claims are legally sufficient and, therefore, that the motion to strike must fail.
In Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 568, 569,479 A.2d 781 (1984), the court noted that all contracts, including those of an employee at will, include an implied covenant of good faith and fair dealing, and that there is "no reason to exempt employment contracts from the implication of a covenant of good faith and fair dealing in the contractual relationship. . . ." However, there, as here, the employment relationship is terminable at will, the employer could not be deemed to lack good faith merely for exercising this contractual right. Id. at 572. "[B]reach of such an implied covenant cannot be predicated simply upon the absence of good cause for a discharge." Id. at 571. Rather, the Magnan court concluded that there could be a breach of the implied covenant of good faith and fair dealing only where the reason for the discharge involves "impropriety. . .derived from some important violation of public CT Page 9723 policy," Id. at 572 (citing Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 475, 427 A.2d 385 (1980)), and that "[w]hether a claim resulting from such a discharge is framed in tort or in contract should make no difference with respect to the issue of liability." Magnan, supra at 572. Furthermore, the plaintiff "has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant Co., 200 Conn. 676, 679,513 A.2d 266 (1986). Indeed, "given the inherent vagueness of the concept of public policy," the plaintiff must allege "that his discharge violated [an] explicit statutory or constitutional provision. . . or. . .that his dismissal contravened a judicially conceived notice of public policy." Id. at 680.
The plaintiff's argument in opposition to the motion to strike rests upon the belief that the termination of his employment contravened a judicially conceived notion of public policy. To constitute a contravention of public policy the act must be "injurious to the public or against the public good." Carbone v. Atlantic Richfield Co., 204 Conn. 460, 465, 528 A.2d 1137 (1987).
In count five of its revised complaint, the plaintiff alleges, inter alia, that its discharge constitutes a breach of the covenants of good faith and fair dealing and was in contravention of public policy in that the "stated reason for termination was for `lack of work' and thus compensable under the state's unemployment compensation system when in fact the plaintiff was replaced by another person doing the same work."
This state recognizes "a public policy against knowingly providing false information for use in determining eligibility for unemployment compensation in that [General Statutes] 31-273 (d). . .makes such an act criminal." Accabo v. Covenant Insurance Co., 1 CSCR 192 (March 10, 1986, Celotto, J.) Because the court is required to construe the facts in the complaint most favorably to the plaintiff, Gordon, supra at 170, it must be considered for purposes of this motion that the defendant knowingly provided false information to the Department of Labor. Accabo, supra. Therefore, the plaintiff's fifth count alleges a violation of public policy under Magnan and Sheets, supra. Thus, the plaintiff alleges facts sufficient to sustain a cause of action for wrongful discharge, and it is not necessary to consider the defendants' other claims regarding this count. Consequently, the plaintiff's pleading is legally sufficient, and the motion to strike is denied.
PICKETT, J.